UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESMELDA DEL CARMEN CARAZO REYES, an individual, KLEYMER YOLIBETH CARAZO REYES, an individual, SEYDI MABEL CARAZO REYES, an individual, ELVIN ISMAEL RODRIGUEZ ZUNIGA, an individual, DUNIA MARIA RODRIGUEZ ZUNIGA, an individual, KEDUIN FERNANDO VALLADARES RODRIGUEZ, an individual, JUAN JOSE RODRIGUEZ GONZALEZ, an individual; AIDA MARIA ZUNIGA VALLADARES, an individual; KESLER ARIEL VALLADARES RODRIGUEZ, a minor, by and through his Guardian ad Litem, JENNI NOEMI RODRIGUEZ, ABNER NAHUN VALLADARES RODRIGUEZ, a minor, by and through his Guardian ad Litem, JENNI NOEMI RODRIGUEZ, and ROSA SARAHI VALLADARES RODRIGUEZ, a minor, by and through her Guardian ad Litem, JENNI NOEMI RODRIGUEZ; ESCARLETH DAYANA VALLADARES PLATA, a minor, by and through her Guardian ad Litem, GLENDA YAMILETH PLATA SIERRA, and BRITANY SAMANTA VALLADARES CASTELLANOS, a minor, by and through her Guardian ad Litem, CINDY MARIELA CASTELLANOS CASTELLANO; MAXIMILIANO PAIZ CORDON, an individual; and NOE EVELIO RODRIGUEZ CRUZ, an individual; | Case No. 2:25-cv-00257-AB-JPR<br><br>**ORDER GRANTING PLAINTIFFS' MOTION TO REMAND** |

1.

|   |   |
|---|---|
| | Plaintiffs, |
| | v. |
| | HARBOR FREIGHT TOOLS USA, INC., a Delaware Corporation, and DOES 1 - 50, inclusive |
| | Defendant. |

Before the Court is Plaintiffs' ESMELDA DEL CARMEN CARAZO REYES, an individual; KLEYMER YOLIBETH CARAZO REYES, an individual; SEYDI MABEL CARAZO REYES, an individual; ELVIN ISMAEL RODRIGUEZ ZUNIGA, an individual; DUNIA MARIA RODRIGUEZ ZUNIGA, an individual; KEDUIN FERNANDO VALLADARES RODRIGUEZ, an individual; JUAN JOSE RODRIGUEZ GONZALEZ, an individual; AIDA MARIA ZUNIGA VALLADARES, an individual; KESLER ARIEL VALLADARES RODRIGUEZ, a minor, by and through his Guardian ad Litem, JENNI NOEMI RODRIGUEZ; ABNER NAHUN VALLADARES RODRIGUEZ, a minor, by and through his Guardian ad Litem, JENNI NOEMI RODRIGUEZ; and ROSA SARAHI VALLADARES RODRIGUEZ, a minor, by and through her Guardian ad Litem, JENNI NOEMI RODRIGUEZ; and ESCARLETH DAYANA VALLADARES PLATA, a minor, by and through her Guardian ad Litem (collectively, "Plaintiffs'") Motion to Remand ("Motion," Dkt. No. 13). Defendant Harbor Freight Tools USA, Inc. ("Defendant") filed an opposition and Plaintiffs filed a reply. Dkt. Nos. 16, 22.

For the following reasons, the Court **GRANTS** Plaintiffs' Motion to Remand.

I.  BACKGROUND

   A. Incident From Which This Matter Arises

Plaintiffs' Complaint alleges that on December 16, 2023, Bernardo Valladares, Carlos Bernardo Valladares Reyes, and Milton Ismael Paiz Gutierrez died from carbon monoxide poisoning while sleeping in their home in Kansas City, Missouri.

Fourteen of the plaintiffs are heirs of these decedents. Plaintiff Noe Evelio Rodriguez Cruz was also in the home, was injured but survived, and is suing for her personal injuries. The carbon monoxide allegedly came from a portable generator designed, marketed, and sold by Harbor Freight Tools USA, Inc.

### B. Removal to This Court

On January 8, 2025, Plaintiffs filed their Complaint along with applications and proposed orders appointing Guardians ad Litem ("GAL") for minor Plaintiffs, in Los Angeles County Superior Court. On January 9, 2025, Defendant removed the action based on diversity jurisdiction. At the time Defendant removed, they had not been served with either the summons or a copy of the Complaint.

### C. Plaintiffs Were Unable to Serve Defendant With the Summons or Complaint.

Plaintiffs were unable to serve the summons or Complaint on Defendant because the state court could not issue a summons until a GAL was appointed for all of the minor Plaintiffs. *See* Cal Code Civ. P. § 373). On January 21, 2025, Judge Cindy Panuco appointed GALs for four minor plaintiffs but notified Plaintiffs of a deficiency in Abner Nahun Valladares Rodriguez's application. On January 22, 2025, Plaintiffs filed an amended application for GAL appointment for Abner Nahun Valladares Rodriguez. This GAL application was still pending when Defendant removed the action.

Plaintiffs now move to remand this action on the ground that Defendant removed it in violation of the forum defendant rule. Defendant responds that the case was properly removed arguing that the plain language of the statute permits "pre-service removal."

## II. LEGAL STANDARD

### A. Removal

Federal courts are courts of limited jurisdiction and possess only jurisdiction authorized by the Constitution and federal statute. *Kokkonen v. Guardian Life Ins. Co.*

3.

*of Am.*, 511 U.S. 375, 377 (1994). Under 28 U.S.C. § 1441(a), a party may remove a civil action brought in a state court to a district court only if the plaintiff could have originally filed the action in federal court. Thus, removal is proper only if the district court has original jurisdiction over the issues alleged in the state court complaint. There is a strong presumption that the court is without jurisdiction until affirmatively proven otherwise. *See Fifty Assocs. v. Prudential Ins. Co. of America*, 446 F.2d 1187, 1190 (9th Cir. 1970). Courts strictly construe § 1441 against removal jurisdiction. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). Moreover, when an action is removed from state court, the removing party bears the burden of demonstrating that removal is proper. *Id*.

Under the diversity statute, 28 U.S.C. § 1332, a federal district court has original jurisdiction when the parties are completely diverse and the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332. Pursuant to 28 U.S.C. § 1441(a) and (b), a defendant may remove an action from state court to federal court if the diversity and amount in controversy requirements are satisfied. Under 28 U.S.C. § 1441(b)(2), "[a] civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2).

### III. DISCUSSION

Plaintiffs seek to remand this case to state court, arguing that Defendant's plain language interpretation of 28 U.S.C. §1442(b)(2) would produce an absurd result if applied, frustrating Congress' legislative intent. Defendant responds that a plain reading of §1442(b)(2) would not produce absurd results and instead serves the purpose intended by Congress and therefore must be followed.

#### A. Forum Defendant Rule

Under 28 U.S.C. §1441, a defendant may remove a case from state to federal court if a federal court would have original jurisdiction over the case, either in the

form of federal question jurisdiction under 28 U.S.C. §1331 or diversity jurisdiction under 28 U.S.C. §1332. Section 1442(b)(2), known as the forum defendant rule, restricts a defendant's ability to remove a case to federal court based on diversity jurisdiction. Under §1442(b)(2), "[a] civil action otherwise removable solely on the basis of [diversity] jurisdiction ... may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. §1442(b)(2).

The cases reflect a dispute as to the proper interpretation of the "properly joined and served" language contained in the forum defendant rule. Defendants argue that a plain reading of the statute allows for removal before the forum defendant has been served with the complaint, while plaintiffs tend to argue that such a reading flouts Congressional intent by producing an absurd result. Defendant's argument in the instant case follows the same vein, arguing that although it is a citizen of California, removal was proper since it removed the action after the Complaint was filed and before being served with the Complaint and summons. In other words, according to Defendant, the forum defendant rule prevents removal only where the forum defendant has been "properly joined *and* served," and therefore, where, as here, a forum defendant has not been served, the forum defendant rule does not prevent removal.

### B. Statutory Interpretation and the Absurdity Doctrine

To resolve disputes over the interpretation of statutes such as the forum defendant rule, courts rely on principles of statutory construction. Statutory interpretation begins with the text. *Chubb Custom Ins. Co. v. Space Sys./Loral, Inc.*, 710 F.3d 946, 958 (9th Cir. 2013); *Hughes Aircraft Co. v. Jacobson*, 525 U.S. 432, 438 (1999). Principles of statutory construction direct courts to seek a statute's meaning "in the language in which the act is framed, and if that is plain, and if the law is ... [constitutional], the sole function of the courts is to enforce it according to its terms." *Caminetti v. United States*, 242 U.S. 470, 485 (1917). Statutory interpretation

is also balanced by the absurdity doctrine, which serves to prevent "absurd" results when a court interprets or applies a statue based on its literal meaning. "Under rare and unusual circumstances," a court may "override the literal terms of a statute" where applying a statute's literal meaning leads to "absurd results" that "shock the …common sense." *Crooks v. Harrelson*, 282 U.S. 55, 59-60 (1930). Here, the question is whether the literal application of the verbiage "properly joined and served" produces absurd results such that this Court should override §1442(b)(2)'s otherwise unambiguous text.

### C. District Courts Are Split On The Permissibility of Pre-Service Removal But Have Typically Elected To Remand Where The Facts Resemble Those Here.

Neither the Supreme Court nor the Ninth Circuit has answered the question of whether pre-service removal is proper. However, this is not a new issue to district courts, which have ruled on this issue with varying outcomes based on their interpretations of §1442(b)(2). District courts that denied remand applied the language of §1442(b)(2) literally, permitting removal before a forum defendant had been *properly joined and served*. District courts that have remanded have applied one of two interpretations: (1) that the plain text of §1442(b)(2) required at least one defendant to be served before removal, or (2) that permitting removal before plaintiff had an opportunity to serve defendant did not align with §1442(b)(2)'s purpose. *Vallejo v. Amgen, Inc.*, 2013 WL 12147584, at *3 (C.D. Cal. Aug. 30, 2013); *Gentile v. Biogen Idec, Inc.*, 934 F. Supp. 2d 313, 316 (D. Mass. 2013); *Dechow v. Gilead Scis., Inc.*, 358 F. Supp. 3d 1051, 1055 (C.D. Cal. 2019). Here, the parties' arguments follow the same reasoning. This Court takes the position that permitting removal before a plaintiff has had the opportunity to serve a forum defendant frustrates §1442(b)(2)'s purpose and would produce an absurd result.

### D. The Statute Contemplates That A Plaintiff Must Have An Opportunity To Serve Defendant Before The Case Can Be Removed.

1          The line of decisions in this district where courts have remanded after finding
2    that a literal application of §1442(b)(2) would produce absurd results are persuasive,
3    especially when applied to the facts here. One such decision is *Vallejo v. Amgen, Inc.*,
4    2013 WL 12147584 (C.D. Cal. Aug. 30, 2013), and this court adopts its analysis. In
5    *Vallejo*, the Court remanded to state court on the ground that a literal application of
6    §1442(b)(2), if applied to its particular facts, would have produced the absurd result of
7    allowing a defendant to remove a case to federal court where it would have been
8    impossible for plaintiff to meaningfully effect service on the defendant. *Vallejo* at *3.
9    In *Vallejo*, like here, the plaintiff was unable to effect service on the defendant
10   because the state court had withheld the summons until after defendant had removed
11   the case, making it literally impossible for the plaintiff to effect service.
12         Defendant asks this Court to deny the motion for remand based on *Casola v.*
13   *Dexcom, Inc.*, 98 F.4th 947 (9th Cir. 2024), but *Casola* addressed a different question
14   than the one before this Court: whether the defendant could remove an action before
15   the complaint could be considered filed under state law. The statements Defendant
16   cites from *Casola* have to do with that issue—whether a defendant can remove an
17   action before it is considered filed—and not with whether *pre-service* removal is
18   permissible. In making their argument, Defendant cites to the following language
19   from *Casola*: "for the purposes of removability, an electronically submitted Complaint
20   is not 'filed' in California state court until it is processed and endorsed or otherwise
21   acknowledged as officially filed by the clerk of the court" and further would normally
22   "become removable as of the filing date shown on the endorsement stamped on the
23   Complaint when it is entered into the court's records." *Casola,* 98 F.4th at 962. Since
24   the Ninth Circuit's ruling in *Casola* addressed an entirely different issue than the one
25   presented here, Defendant's reliance on the filing rules *Casola* discussed to justify the
26   timing of their removal is misplaced.
27         Additionally, reading further, it becomes clear that in *Casola*, the Court
28   contemplated preserving a plaintiff's right to effect meaningful service on a defendant

7.

before removal. In declining to apply the defendant's reasoning, the *Casola* Court expressed a concern for the effects of allowing snap-removal, stating, "adopting Dexcom's delivery-as-filing rule would effectively give in-forum defendants with subscriptions to e-filing monitoring services a safe harbor in which to accomplish snap removals unhindered by speedy service of process." *Id*.

Defendant also points to this Court's order in *Dechow v. Gilead Sciences, Inc.*, 358 F. Supp. 3d 1051 (C.D. Cal. 2019), which found a defendant's pre-service removal proper. Defendant specifically points to this Court's statement that §1442(b)(2) is "clear and unambiguous" in support of their argument that pre-service removal is allowed. *Dechow*, 358 F. Supp. 3d at 1054. However, *Dechow* was based on a fact-specific inquiry that considered the possibility of an absurd outcome if §1442(b)(2) were applied literally to different facts. In *Dechow*, the facts differed greatly from those here. In *Dechow,* plaintiff had two weeks to effectuate service on defendant and did not do so; therefore, the literal application of §1442(b)(2) would not have deprived plaintiff of the opportunity to serve defendant with the complaint and summons. Here, Plaintiff had no opportunity to effect service before Defendant removed because Defendant removed one day after the complaint was filed, but before it could be served, because the state court could not issue a summons until all GALs were granted. Therefore, the reasoning by which this Court denied a motion for remand in *Dechow* does not apply here.

### E. Permitting Removal Before Plaintiffs' Had The Opportunity To Serve Defendant Produces An Absurd Result, Frustrating §1442(b)(2)'s Purpose.

The facts of this case distinguish it from others that have addressed the issue of pre-service removal. Here, Plaintiffs filed their Complaint on January 8, 2025, and Defendant removed one day later, depriving Plaintiff of the opportunity to serve Defendant. California Superior Court procedure requires that guardians ad litem be appointed for all minor Plaintiffs named in the Complaint before the court could issue

8.

summons. At the time Defendant removed, no GALs had been appointed, thus no summons would have been issued, so it was impossible for Defendant to have been *properly* joined and served. Additionally, Defendant does not dispute Plaintiffs' assertion that a summons could not be issued because not all GALs had been appointed. As such, the parties agree that it would have been impossible for Plaintiff to serve the Defendant before they removed. If defendants were permitted to remove a case before a plaintiff even had the opportunity to serve them, it would effectively circumvent Congress' intent to provide plaintiff's the right to effect meaningful service and would render §1441(b)(2)'s "*properly joined and served*" language superfluous. Such a result could not have been intended by Congress.

## IV.   CONCLUSION

For the foregoing reasons, the Court **GRANTS** Plaintiffs' Motion to Remand and **REMANDS** this action back to the state court from which Defendant removed it.

The Motion to Strike (Dkt. No. 11) and Motion to Transfer (Dkt. No. 12) are **DENIED AS MOOT**.

**IT IS SO ORDERED.**

Dated: June 16, 2025

_____
HONORABLE ANDRÉ BIROTTE JR.
UNITED STATES DISTRICT COURT JUDGE